1
2
3
4
5
6
7                      IN THE UNITED STATES DISTRICT COURT

8                          FOR THE DISTRICT OF ARIZONA

9

10   United States of America,            )   No. CV-08-910-PHX-ROS (LOA)
                                          )
11                                        )   **REPORT AND RECOMMENDATION**
                  Petitioner,             )
12                                        )
     vs.                                  )
13                                        )
14   Mark E. Baroody,                     )
                                          )
15                Respondent.             )
16   _____)

17          This matter is before the Court on the Government's Motion for Order to Show

18   Cause and for Report and Recommendation Certifying Facts Regarding Civil Contempt.

19   (docket # 29)

20   **I. Background**

21          On March 27, 2008, the Honorable Roslyn O. Silver, United States District

22   Judge, held Respondent Mark E. Baroody in indirect, civil contempt of court for failure to

23   provide documents and information identified in an IRS summons.  (dockets # 13-14) That

24   same day, the District Judge issued a warrant for Mr. Baroody's arrest.  On May 9, 2008, Mr.

25   Baroody was arrested and appeared before the undersigned for an initial appearance on the

26   civil arrest warrant.  (dockets # 16, 19) The undersigned ordered Mr. Baroody detained until

27   he purged himself of the civil contempt order by providing the documents and deposition the

28   IRS sought.  (docket # 16)  A week later, on May 16, 2008, the undersigned conducted a

status hearing regarding Mr. Baroody's efforts, if any, to purge his civil contempt of court. (docket # 20)  Thereafter, on May 20, 2008, Mr. Baroody was deposed by the Government and, by that time, had provided full consent to the IRS to obtain any of the documents that the IRS sought which may have been partially located in the residence where Mr. Baroody was residing at the time of his arrest.  (docket # 21) Mr. Baroody also executed consent forms allowing the IRS to obtain most, if not all, of the documents the IRS sought from the banks and other institutions where such documents may be located. After fully complying with the IRS' requests up to that point in time and assuring the Court and counsel of his full cooperation with the IRS in the future, Mr. Baroody was  released from custody with conditions including that he "appear at all proceedings as required," "immediately advise the court, defense counsel, and the U.S. Attorney in writing of change in address/telephone number," and "maintain weekly contact with his . . . counsel by Friday, noon of each week." (dockets ## 23-24)

On the day of his release and thereafter, the Government made clear that it requested a continuation of Mr. Baroody's deposition to June 5, 2008 to enable the Government to review documents which Mr. Baroody had recently provided and those obtained via his consent which it did not have at the time of his deposition.  (docket # 22) On May 22, 2008, the undersigned ordered Mr. Baroody to conclude his testimony on June 5, 2008.  (docket # 26)

In the pending motion, filed on June 6, 2008, the Government advises that Mr. Baroody failed to appear for his June 5, 2008 deposition in violation of the Court's orders. Additionally, Mr. Baroody has violated the specific conditions of release.  Specifically, Mr. Baroody has not advised either his counsel or the Government's counsel of his new address and telephone number following his release from custody, failed to appear for a proceeding (his follow-up deposition) on June 5, 2008, and has had no contact with either the Government or his court-appointed counsel since May 22, 2008.

///
///

## II. Civil Contempt/Certification of Facts

In view of Mr. Baroody's violation of his conditions of release and continued failure to provide complete testimony in a follow-up deposition, the Government seeks a Report and Recommendation in accordance with 28 U.S.C. § 636(e)(6) certifying the foregoing facts to the assigned District Judge and requests an order requiring Mr. Baroody to appear before the Honorable Roslyn O. Silver, United States District Judge, to show cause why he should not be held in civil contempt by reason of the facts certified herein.

Title 28 U.S.C. § 636(e) provides that upon the commission of any act that "constitutes civil contempt" in a proceeding referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), "the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason the facts so certified." 28 U.S.C. § 636(e)(6).

The undersigned set this matter for a hearing on June 11, 2008 at 4:15 p.m. for Mr. Baroody to show cause why the undersigned should not recommend that Petitioner be held in civil contempt in an Report and Recommendation to the assigned District Judge. (docket # 30) Jeffery Williams, Mr. Baroody's court-appointed attorney appeared, but Mr. Baroody did not. Mr. Williams advised the Court that he has had no recent contact with Mr. Baroody and that he does not know his whereabouts.

Based on the foregoing and pursuant to 28 U.S.C. § 636(e)(6), the undersigned certifies the following facts which support a finding that Mr. Baroody should be held in indirect, civil contempt: (1) Mr. Baroody has violated his conditions of release by failing to advise the court, the U.S. attorney, and his counsel in writing of his change of address and telephone number, *see* docket # 24; (2) Mr. Baroody has violated his conditions of release by failing to appear on June 5, 2008 for his follow-up deposition, *see* docket # 24; (3) Mr. Baroody has violated his conditions of release by failing to maintain weekly contact with his counsel, *see* docket # 24; (4) Mr. Baroody's failure to appear for his June 5, 2008

1   deposition also violated the undersigned's verbal order of May 22, 2008 made in open court,

2   *see* dockets ## 26-28; (5) by failing to conclude his testimony in a follow-up deposition, Mr.

3   Baroody has violated the IRS' summons and the Honorable Roslyn O. Silver's December 6,

4   2007 Order enforcing that summons, *see* docket # 10; and (6) Mr. Baroody violated the

5   undersigned's June 9, 2008 Order to Show Cause, docket # 30, by failing to appear for the

6   June 11, 2008 hearing before the undersigned.

7           Based on the foregoing facts, the undersigned recommends that the assigned

8   District Judge, the Honorable Roslyn O. Silver, order Mark E. Baroody to appear on a date

9   certain to show cause why he should not be held in civil contempt by reason of the facts

10  certified herein. *See*, 28 U.S.C. § 636(e)(6).

11          Accordingly,

12          **IT IS HEREBY RECOMMENDED** that, pursuant to 28 U.S.C. § 636(e)(6),

13  the Honorable Roslyn O. Silver order Respondent Mark E. Baroody to appear upon a day and

14  time certain to show cause why he should not be held in civil contempt by reason of the facts

15  so certified. *See*, 28 U.S.C. § 636(e)(6).

16          This recommendation is not an order that is immediately appealable to the

17  Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules

18  of Appellate Procedure, should not be filed until entry of the District Court's judgment. The

19  parties shall have ten days from the date of service of a copy of this recommendation within

20  which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules

21  72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within

22  which to file a response to the objections. Failure timely to file objections to the Magistrate

23  Judge's Report and Recommendation may result in the acceptance of the Report and

24  Recommendation by the District Court without further review. *See United States v. Reyna-*

25  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual

26  determinations of the Magistrate Judge will be considered a waiver of a party's right to

27  / / /

28  / / /

appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 11th day of June, 2008.

Lawrence O. Anderson
United States Magistrate Judge