IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Petitioner,<br><br>vs.<br><br>Mark E. Baroody,<br><br>             Respondent. | No. CV-08-910-PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on the United States' Motion for Attorney's Fees, filed on October 8, 2008. (docket # 36) Despite being appointed counsel on May 9, 2008, docket # 16, no response of any kind has been filed by, or on behalf of, Respondent Mark E. Baroody ("Baroody"). This case has been referred to the undersigned Magistrate Judge by the assigned District Judge "for all further matters as authorized by law." (docket # 15)

## **BACKGROUND**

The undersigned Magistrate Judge certifies the following facts are true and correct.

On February 9, 2007, as part of an investigation into the collection of Baroody's federal tax liability, an Internal Revenue Service ("IRS") summons was issued to and served on Baroody. The summons required Baroody to appear before an IRS officer on

1 March 29, 2007 to testify and produce the documents as demanded in the summons. (docket
2 #1-2; Exhibit ("Exh.") A, Declaration of Joanne Miller).  Baroody failed to appear and
3 comply with the summons. (docket # 1). On June 27, 2007, a letter was sent to Baroody to
4 provide him a final opportunity to comply with the summons by July 10, 2007 before
5 enforcement proceedings were commenced. (*Id.*) On July 10, 2007, Baroody failed to appear
6 and refused to comply with the summons. (*Id.*) In light of Baroody's continued refusal to
7 comply with the summons, on September 29, 2007, the United States filed a Petition to
8 Enforce Internal Revenue Service Summons. (*Id.*)

9 Upon the United States' filing a Motion for Order to Show Cause, docket # 4,
10 a show-cause hearing was held on December 4, 2007, before the Honorable Roslyn O. Silver,
11 United States District Judge, at which Baroody failed to appear despite being ordered to do
12 so. (docket ## 5, 8) On December 6, 2007, Judge Silver entered an order enforcing the
13 summons and requiring Baroody to comply in full with the summons by January 21, 2008.
14 (docket #10)

15 Upon Baroody's failure to comply with Silver's December 6, 2007 order, the
16 United States filed a motion that Baroody be held in contempt of court. (docket # 11) On
17 March 27, 2008, Judge Silver held Baroody in indirect, civil contempt of court for failure to
18 provide documents and information identified in the IRS summons. (docket ## 13-14) That
19 same day, Judge Silver issued a warrant for Baroody's arrest.

20 On May 9, 2008, Baroody was arrested and appeared before the undersigned
21 for an initial appearance on the civil arrest warrant. (docket ## 16, 19) The undersigned
22 ordered Baroody detained until he provided the documents to the IRS and participated in the
23 deposition the IRS requested. (docket # 16) A week later, on May 16, 2008, the undersigned
24 held a status hearing regarding Baroody's efforts, if any, to purge his civil contempt of court.
25 (docket # 20) Thereafter, on May 20, 2008, Baroody was deposed by the United States and,
26 by that time, had provided full consent to the IRS to obtain the documents that the IRS
27 sought which may have been partially located in the residence where Baroody was residing
28 at the time of his arrest. (docket # 21) Baroody also executed consent forms allowing the

1  IRS to obtain most, if not all, of the documents the IRS sought from the banks and other
2  institutions where such documents may be located. After fully complying with the IRS'
3  requests up to that point in time and assuring the Court and counsel of his full cooperation
4  with the IRS in the future, Baroody was released from custody with conditions including that
5  he "appear at all proceedings as required," "immediately advise the court, defense counsel,
6  and the U.S. Attorney in writing of change in address/telephone number," and "maintain
7  weekly contact with his . . . counsel by Friday, noon of each week." (dockets ## 23-24)

8  On the day of his release, the United States made clear that it requested a
9  continuation of Baroody's deposition to June 5, 2008 to enable the United States to review
10 documents which Baroody had recently provided and those obtained via his consent which
11 the IRS did not have at the time of his deposition. (docket # 22)  On May 22, 2008, the
12 undersigned ordered Baroody to conclude his testimony on June 5, 2008.  (docket # 26)

13 In the United States' Motion for Order to Show Cause and for Report and
14 Recommendation Certifying Facts Regarding Civil Contempt, filed on June 6, 2008, the
15 United States advised that Baroody failed to appear for his June 5, 2008 deposition in
16 violation of the Court's order. (docket # 29)  Additionally, Baroody violated the specific
17 conditions of release.  Specifically, Baroody did not advise either his counsel or the United
18 States' counsel of his new address and telephone number following his release from custody,
19 failed to appear for a proceeding (his follow-up deposition) on June 5, 2008, and had no
20 contact with either the United States' or his court-appointed counsel from May 22, 2008 until
21 on or about August 12, 2008 when court-appointed counsel contacted Government's counsel
22 about completing Baroody's deposition.  (docket ## 29, 34, 36)  On July 7, 2008, Judge
23 Silver adopted the undersigned's Report and Recommendation and set a show-cause hearing
24 for August 29, 2008. (docket # 33)

25 Based upon representations by Baroody's counsel that Baroody would
26 voluntarily complete his testimony and comply with the summons and the Court's orders, the
27 show-cause hearing was continued, on motion of the United States, to November 21, 2008.
28 (docket ## 34-35).  On October 2, 2008, after a year of litigation, multiple motions by the

1  United States, and several court orders requiring compliance, Baroody finally complied with
2  the summons by completing his deposition. (docket # 36) The November 21, 2008 show-
3  cause hearing was vacated by Judge Silver subject to being "reset if necessary." (docket #
4  40)

## **CIVIL COMPENSATORY CONTEMPT**

6  In an action to enforce an IRS summons, district courts have wide latitude to
7  fashion appropriate remedies against a non-compliant taxpayer. 26 U.S.C. § 7402(a) ("The
8  district courts of the United States at the instance of the United States shall have such
9  jurisdiction . . . to render such judgments and decrees as may be necessary or appropriate for
10 the enforcement of the internal revenue laws."). District courts also have inherent power to
11 impose indirect civil contempt sanctions "to compensate the complainant for losses
12 sustained." *United States v. United Mine Workers*, 330 U.S. 258, 303-304 (1947); *Whittaker
13 Corp. v. Execuair Corp.*, 953 F.2d 510, 517-518 (9th Cir. 1992).

14  As the Ninth Circuit has explained, civil contempt sanctions may be imposed
15 "to coerce obedience to a court order, or to compensate the party pursuing the contempt
16 action for injuries resulting from the contemptuous behavior, or both." *General Signal
17 Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citation omitted); *United States
18 v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980) (upholding civil contempt fine "to compensate
19 [the] IRS for [respondent's] failure to comply with the summonses and enforcement order"
20 in an IRS summons enforcement action). Compensatory contempt sanctions, however, must
21 be based on "actual losses sustained as a result of the contumacy." *Shuffler v. Heritage Bank*,
22 720 F.2d 1141, 1148 (9th Cir. 1983) (citations omitted).

23  "Actual losses" may include an award to reimburse attorney's fees.
24 "Attorneys' fees frequently must be expended to bring a violation of an order to the court's
25 attention." *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (holding that a finding of
26 willfulness is not required for awards of attorney's fees in civil contempt actions); *Lasar v.
27 Ford Motor Co.*, 399 F.3d 1101, 1111-1112 (9th Cir. 2005) (affirming sanctions that "were
28

compensatory in nature because they were designed to compensate [plaintiff] for unnecessary costs and attorney's fees").

The Eighth Circuit and numerous district courts have held that the United States is entitled to its reasonable attorney's fees incurred in connection with enforcing an IRS summons against a non-compliant taxpayer. *United States v. Rue*, 819 F.2d 1488, 1495 (8th Cir. 1987) (affirming award of "damages to the IRS to compensate for the reasonable expenses and attorney's fees it incurred in the prosecution of the contempt proceeding"); *United States v. Otaka*, 2007 WL 602209, *4 (D. Haw. 2007) (awarding the United States its "reasonable attorneys' fees and costs as compensatory sanctions" against a taxpayer in contempt of an order enforcing an IRS summons); *United States v. Hodges*, 2007 WL 2479274, *2-3 (N.D. Ga. 2007) (ordering a taxpayer to pay the United States $2,392.95 in attorney's fees expended to enforce an IRS summons); *United States v. Lindberg*, 2006 WL 2069280, *1 (D. Minn. 2006) ("But for Respondent's refusal to comply with the IRS summons, there would be no litigation and the Government would not have incurred legal costs. Thus, it is proper that Respondent bear these costs. . . . Accordingly, the Court awards the Government $2157.90 in fees associated with its Motion to Enforce IRS Summons."); *United States v. Ivie*, 2006 WL 1627002, *1 (W.D. Tenn. 2006) (awarding the United States attorney's fees in the amount of $3,183.57 and expenses in the amount of $2,920.70 in an IRS summons enforcement action); and *United States v. Maczka*, 1996 WL 819783, *1 (W.D. Mich. 1996) ("Ordering respondent to reimburse petitioner for the reasonable expenses and attorney's fees it incurred in the prosecution of the summons enforcement contempt proceedings is an appropriate sanction."). The Court will follow the foregoing cases and will recommend reasonable attorney's fees be awarded the United States.

## **REASONABLE ATTORNEY'S FEES**

A reasonable hourly rate to award for attorney's fees is the amount "according to the prevailing market rates in the relevant community." *Schwarz v. Secretary of Health & Human Services,* 73 F.3d 895, 906 (9th Cir. 1995) (citing *Blum v. Stenson*, 465 U.S.

886, 895 (1984)); *United States v. City of Jackson*, 359 F.3d 727, 733 (5th Cir. 2004) ("When a court awards attorney's fees to the government as a sanction for an adverse party's improper conduct, . . . we treat the hourly rate in the local legal community as a benchmark for determining the amount of attorney's fees to be imposed."); *United States v. Big D. Ent.*, 184 F.3d 924, 936 (8th Cir. 1999) ("We see no reason why the government should not be able to recover a reasonable fee for its attorney's work calculated at the same rate that the attorney would be compensated by the prevailing local economy. In examining the hourly rate of the local legal community, it is irrelevant whether counsel seeking the attorney's fees is employed by the private or public sector."); *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1093-1094 (3rd Cir. 1988) (services of an Assistant United States Attorney are to be valued at a market rate).

The United States argues that "[a]t a minimum, the United States should be awarded a rate equal to the rate referenced in the Equal Access to Justice Act (28 U.S.C. § 2412(d)(2)(A))[,]" citing *United States v. City of Jackson*, 359 F.3d 727, 734 (5th Cir. 2004). (docket # 36 at 6) According to the United States, that amount is $175.88 per hour ($125.00 adjusted for inflation), which was calculated using the Bureau of Labor Statistics Consumer Price Index for All Urban Consumers (CPI-U), found online at ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt, and applying the following formula:

$$\frac{\$125 \times (current\ CPI\text{-}U)}{(March\ 1996\ CPI\text{-}U)}$$

*Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001); *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 969 (D.C. Cir. 2004). Discounting "a significant amount of other attorney time spent by the United States in pursuing this case," United States' counsel indicates he spent 30.45[1] hours pursuing this case. (docket # 36 at 7) Based on the hourly rate of $175.88 per hour, the United States requests it be awarded $5,355.54 in attorney's fees.

---

[1] Consistent with LRCiv. 54.2(d)(1), attached to the United States' Motion are the Affidavit of Lon R. Leavitt and the Task- Based Itemized Statement of Attorney's Fees, as required by LRCiv. 54.2(e), which verify that the United States' counsel incurred 30.45 hours pursuing this case. (docket # 36, Exh. 2 and 3) The Court finds this amount of time incurred in drafting the various motions/petitions and court appearances herein is reasonable.

## **DISCUSSION**

Baroody's conduct in ignoring numerous court orders and the United States' efforts, both formal and informal, to obtain his documents and deposition testimony was flagrant, egregious and contemptuous. Even after Baroody was incarcerated for a week and then released on his promise to cooperate, he failed to so and fully comply with court orders. Although the summons was issued and served over a year and a half earlier, Baroody refused to comply fully with the summons until after the Court had entered, upon motion by the United States, (1) an order to show cause regarding enforcement; (2) an order enforcing summons; (3) an order to show cause regarding civil contempt; (4) an order of civil contempt; (5) a warrant for arrest; (6) an order that he complete his testimony; (7) a report and recommendation regarding civil contempt; and (8) an order adopting the report and recommendation. Baroody ignored and/or was found in contempt of orders (1), (2), (3), and (6), and the United States was the prevailing party as to all eight matters. Like the District Court of Minnesota stated in *Lindberg*, 2006 WL 2069280, *1, "[b]ut for Respondent's refusal to comply with the IRS summons, there would be no litigation and the Government would not have incurred legal costs." The Court finds it is fair and just that Baroody bear these attorney's fees which the Court concludes were reasonable and necessary to enforce the IRS' summons and the taking of Baroody's complete deposition.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the United States of America's Motion for Attorney's Fees, docket # 36, be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that if not paid in full within thirty (30) days of the date of this Order, Judgment be entered against Respondent Mark Baroody and in favor of the United States in the sum of $5,355.54 plus interest at the prevailing legal rate per annum pursuant to 28 U.S.C. § 1961 from the date of Judgment until paid in full.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The

parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

Dated this 21st day of January, 2009.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge